ATLAS ASSURANCE COMPANY, LIMITED, et al., complainants-respondents,

*v.*

RICHARD W. GUTHEIL et al., defendants-appellants.

[Argued October 25th, 1934. Decided January 10th, 1935.]

*Messrs. Lichtenstein, Schwartz & Friedenberg,* for the defendants-appellants.

*Mr. Arthur T. Vanderbilt* and *Mr. G. Dixon Speakman,* for the complainants-respondents.

PER CURIAM.

This appeal brings up an order of the court of chancery entered on the 12th day of July, 1934, on the advice of Vice-Chancellor Egan. The facts briefly are that the appellant Gutheil was the assignee of the appellant Cohen, who was the assured in six policies of insurance on property of Cohen in a store known as the Paris Model Store, located at 232 Bergenline avenue, in Union City, Hudson county, where a fire occurred on March 22d, 1920. It appears that Gutheil as assignee brought six suits in the supreme court in March, 1921.

Cohen brought suits in Pennsylvania on the same policies in October, 1920, in the United States district court for the middle district of Pennsylvania, and Cohen also brought suits against the insurance companies in the court of common pleas at Scranton, Pennsylvania.

Thereupon, in April, 1921, the insurance companies filed their bill to restrain the prosecution of all these suits and to have the matter determined in the court of chancery. It appears that Cohen and his wife were convicted in the Hudson county quarter sessions of arson in connection with the fire in Union City. This conviction was reversed for trial error; was never retried; and the indictment was on September 19th, 1933, dismissed.

The bill was originally filed against Gutheil only, but later on their own application, Cohen and his wife were made parties and it was stipulated that the temporary restraint which was granted should apply to the Cohens as well as Gutheil. Subpœna *ad respondendum* was duly issued and service acknowledged by the solicitors for both Gutheil and Cohens. Gutheil was a clerk or employe of the solicitor for Cohen. The Cohens thereafter removed from the state. They did not answer the bill of complaint and no steps were taken by any person in the chancery proceeding until May 21st, 1934, when Gutheil and Cohen filed their petition praying that they might have leave to file answers and to counter-claim against the insurance companies, or, in the alternative, that the restraint be removed and the petitioners be permitted to proceed with their actions at law. They assert that Mrs. Cohen is determined to be a pyromaniac and that Cohen had no part in the fires which she set. This was asserted to be known to Cohen in December, 1930, when an effort to secure her release from a hospital in Massachusetts was denied. From this time until May, 1934, no steps were taken in this cause. Vice-Chancellor Egan denied the prayer and left the matter just as it was. He declined to dismiss the bill or remove the restraint.

It is now asserted that there was error in such action because of the failure of complainants in the equity suit to take their decree *pro confesso* and proceed to final decree, which is said to be such laches as to deprive them of any rights under the bill. This is not so. The restraint was a temporary one, but the bill was not only seeking restraint but put the whole matter in the court of chancery in order to avoid a multiplicity of suits, and the burden was then upon the defendants to assert a right to recover, to answer and counter-claim, and bring the matter on in order that their rights might be determined. A disposition of the criminal proceeding was not necessary to moving in this case. Gutheil was not a party to the criminal proceeding. The Cohens voluntarily came into this proceeding and consented to the restraint. It differs from a case where a complainant prays

affirmative relief and then after an undue lapse of time seeks to revive his bill and acquire some rights thereunder. Here the undoubted duty was upon the defendants to move in order to have their rights determined and, in view of their failure to do so at the earliest time when the facts now relied on were known, they cannot complain of the failure of the complainants to move.

The order appealed from is affirmed.

*For affirmance*—PARKER, LLOYD, BODINE, DONGES, HEHER, KAYS, HETFIELD, DEAR, WELLS, JJ. 9.

*For reversal*—THE CHIEF-JUSTICE, PERSKIE, VAN BUSKIRK, 3.